Faith J. Yesawich, Jr., J.
By decision of this court dated December 21,1971, the composition of the Board of Supervisors of Chemung County was declared unconstitutional, and a weighted voting plan was imposed pending the board’s submission by March 15, 1972, of a valid permanent apportionment plan. On March 13, 1972 the board by Resolution No, 80 adopted a plan of apportionment. At a hearing held on March 28, objections to the descriptions of certain proposed legislative districts in that plan were raised and the board, thereafter, by Resolution No. 99, amended the plan and resubmitted it to the court. At a hearing held on April 27, the validity of the amended plan was challenged because 2 of the proposed 15 single-member districts lie partly within the limits of the City of Elmira and partly without, and because the inmates of the Elmira Correctional Facility are included in one of the proposed legislative districts. On May 26, 1972, the court was informed that the parties, by oral stipulation, had agreed that as of the 1970 Federal census date, 1206 inmates of the Elmira Correctional Facility were felons, 64 were misdemeanants, and 96 were youthful offenders.
Since a representative elected to a County Legislature represents his district in matters pertaining to the county as a whole, municipal boundaries need not necessarily be respected in a county reapportionment plan. Absent a showing by the object-ants of some compelling reason, approval of the amended plan would not be withheld merely because the County Legislature did not remain wholly within the City of Elmira’s boundaries when forming county legislative districts. (Graham v. Board of Supervisors of Erie County, 51 Misc 2d 942; Michl v. Shanklin, 50 Misc 2d 460, affd. 25 A D 2d 925, mod. on other grounds 17 N Y 2d 906.)
However, the inclusion of all of the inmates of the Elmira Correctional Facility in the population base for apportionment purposes renders the plan invalid. While a Federal census is strong evidence of population (General Construction Law, § 37-b; Municipal Home Rule Law, § 10, subd. 1, par. [ii], subpar. a, cl. [13], subcl. [c]), the case law, notably Seaman v. Fedourich (16 N Y 2d 94) permits rebuttal of census figures by a showing that not everyone enumerated in the census is entitled to representation in the local government of the area in which he was found on the census date.
Although all 1,366 inmates of the Elmira Correctional Facility were in fact counted in the 1970 Federal Census, Davis v. Board of Supervisors of Clinton County (28 A D 2d 583) directs that, *333 in determining the population base for a county plan of apportionment, felons confined to prison must be deducted from the census of the area containing their place of incarceration, and this appears to be so even if their legal domicile is in that area. Those 160 confined misdemeanants and youthful offenders who were counted by the census, but whose legal domicile is shown to be elsewhere than in the proposed district which encompasses the Elmira Correctional Facility, must also be deducted from the census figures, for they are represented in the area of their domicile. (N. Y. Const., art. IT, § 4; Election Law, § 151, subd. [b]; Seaman v. Fedourich, supra.)
The exclusion of the confined felons from the population of proposed District No. 8 would reduce that district’s population from 6,492 to 5,286, in which event that district would be significantly out of proportion with the other districts. (Municipal Home Rule Law, § 10, subd. 1, par. [ii], subpar. a, cl. [13], subcl. [a] [ii].) The board’s present plan therefore, cannot be approved. Since the submission of a new plan is being directed, a hearing at this time to determine the question of the domicile of the misdemeanants and youthful offenders would serve no useful purpose.
At the April 27 hearing a plan of apportionment was submitted on behalf of three members of the Chemung County Board of Supervisors. Since reapportionment is primarily a matter for legislative consideration and determination, a plan adopted by the entire representative body involved is preferable and takes precedence. It is only if that body fails to reapportion in accordance with constitutional requisites, in timely fashion, after having had an opportunity to do so, that other plans may be considered.
The board’s present plan is rejected and the board is directed to adopt a plan of apportionment meeting constitutional requirements by June 15, 1972.
The court will retain jurisdiction of this action and will hear motions at the Tompkins Special Term on June 22, 1972 at 10:00 a.m.